STATE OF FLORIDA, PLAINTIFF IN ERROR, VS. DENNIS BURNS, DEFENDANT IN ERROR.

The State is not entitled to a writ of error to reverse the judgment of the Circuit Court quashing an indictment and discharging the accused.

Writ of Error to the Circuit Court of Escambia county.

The offense with which the accused was charged was discharging and depositing in the waters of Pensacola bay ballast contrary to the manner prescribed by law.

Appeals were entered by the State Attorney, Mr. McKinnon, and the records sent up in this and other cases.

The appeals were dismissed on the same grounds.

The other facts are stated in the opinion.

*S. R. Mallory* and *W. A. Blount* for the motion.

*The Attorney-General contra.*

THE CHIEF-JUSTICE delivered the opinion of the court.

The defendant in error, Dennis Burns, was indicted, and upon his motion the indictment was quashed.

The State thereupon seeks to bring the cause before this court by writ of error, and defendant in error moves to quash the writ and dismiss the case upon the ground that a writ of error will not lie at the instance of the State in a criminal cause.

The statutes of this State make provision for the writ of error in criminal cases, but in every act of legislation on the subject it is clearly contemplated that the defendant only is entitled to the writ, and only after conviction.

In New York there were several instances, prior to 1848, in which writs of error were prosecuted by the law officer of the State, but in none of the cases reported was the question made or considered by the court whether the people could properly review or reverse a judgment in favor of an accused person. In The People vs. Corning, however, (2 Comst., 9,) in a thorough examination of the question, the Court of Appeals held that the people could not prosecute the writ. In 1852 the Legislature of that State authorized it in cases where judgment in favor of the accused was given upon an indictment, except where there had been an acquittal by a jury, and in Arkansas the State is expressly authorized to bring error. (1 Pike, 428.) It was also held in Maryland that the State might bring error. (5

Har. and John., 317.)　In all other States the right of the State to the writ is denied.

The weight of authority is overwhelming, not only in this country but in England, that the writ will not lie at the instance of the State, and it is evident from the character of the legislation on the subject in this State that it has never been contemplated that the State could further pursue parties who had obtained judgment in their favor in prosecutions by indictment, whether by the judgment of the court or verdict of a jury.

The writ of error is dismissed.