THE PEOPLE OF THE STATE OF COLORADO, PLAINTIFFS IN ERROR, v. RAYMOND ET AL., DEFENDANTS IN ERROR.

1. APPELLATE PRACTICE.
A case which might have been, in the first instance, taken either to the supreme court or court of appeals, may, upon its removal to the court of appeals by one party, be removed to the supreme court by the other party by motion interposed in apt time.

2. WHEN WRIT OF ERROR LIES IN BEHALF OF THE PEOPLE.
The right of the people to sue out a writ of error in a criminal case exists only when conferred by statute, and by one expressed in the most plain and unequivocal terms.

3. COURT OF APPEALS—STATUTORY CONSTRUCTION.
No intent is manifested in the statute establishing the court of appeals and defining its jurisdiction to change the practice in either civil or criminal cases, but its whole tenor and effect is to provide for

the exercise of that jurisdiction in conformity with the general procedure and practice then existing, so far as it is applicable, and the general terms therein used should be read in the light of that purpose.

4. WRIT OF ERROR.

A writ of error does not lie in behalf of the people in a criminal case.

### Error to the Court of Appeals.

Mr. J. H. MAUPIN, attorney general, Mr. CALDWELL YEAMAN, Mr. J. B. BELFORD and Mr. THOMAS WARD, for plaintiffs in error.

Mr. FRANK C. GOUDY, Mr. A. M. STEVENSON, Mr. C. D. MAY, Mr. S. BERRY and T. E. McINTYRE, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

This writ of error was sued out by the people to review a judgment of the court of appeals in favor of defendants in error. A motion is made by defendants in error to dismiss the writ, on the ground that a writ of error does not lie at the instance of the people to review a judgment in favor of the defendant in a criminal case. The people predicate the right to a writ and review upon sec. 15, p. 121, Laws of 1891, which is as follows:

" Writs of error from, or appeals to, the supreme court, shall lie to review every final judgment of the court of appeals in cases which, under this act, might have been taken for review to the supreme court in the first instance. Such writs of error shall be sued out or appeals taken, within sixty days after the rendition of the final judgment and not thereafter. Any case in the court of appeals not within the final jurisdiction thereof shall be transferred to the supreme court, upon motion of a defendant in error or appellee, made within such time as such party may be by law or rule of court required to file a brief in the case, and such case shall be for hearing in the supreme court the same as if originally taken

there, and all bonds or other obligations shall remain in full force and effect. When any such case is taken to the supreme court all pleadings, abstracts, papers, briefs and other things pertaining to the case shall be transferred to the ·supreme court, and new briefs and abstracts shall not be required, except by special rule in particular cases. Appeals shall be perfected and writ of error made a supersedeas in the same manner and under the same conditions as in cases brought from other courts."

The case is one that might, under the act establishing the court of appeals, have been brought to this court for review in the first instance by defendants, and might, under the provisions of the section cited, have been transferred from the court of appeals to this court on motion of the people, if they had elected to do so within the time prescribed. The question therefore presented is, can the people, having submitted to the jurisdiction of that court, after a judgment therein adverse to them, bring that judgment here for review by writ of error.

A writ of error to review judgments in favor of a defendant in criminal cases does not lie at the instance of the state at common law. Mr. Archbold, speaking of cases wherein a writ of error will lie in England, says judgment must have been given on an indictment; and " it must be a judgment against the defendant; for there is no instance of error being brought upon a judgment for a defendant after an acquittal." Archbold's Crim. Prac. and Pleading, 8th ed., vol. 1, p. 623.

In this country it is almost uniformly held that the writ will not lie at the instance of the state without a statute clearly conferring the right. *State v. Jones,* 7 Ga. 422; *People v. Corning,* 2 Comstock, p. 1; *Commonwealth v. Cummings,* 3 Cushing, 212; *State v. Reynolds,* 4 Haywood, 110; *Commonwealth v. Harrison,* 2 Va. Cases, 202; *State v. Kemp,* 17 Wis. 690; *State v. Burns,* 18 Fla. 185; *State v. Copeland,*. 65 Mo. 497; *People v. Royal,* 1 Scammon, 557; *United States v. Sanges et al.,* vol. 12, Supreme Court Rep., p. 609; (s. c., 144 U. S. 310.)

The right exists only when conferred by statute, and by
"one expressed in the most plain and unequivocal terms;
such as cannot be turned by construction to any other mean-
ing." *State v. Reynolds, supra.*

Section 5, page 517 of the judiciary act under considera-
tion in the case of the *United States v. Sanges*, and upon
which the attorney general relied as entitling the govern-
ment to a review of the judgment of the circuit court quash-
ing an indictment, is as follows:

"Appeals or writs of error may be taken from the district
courts or from the existing circuit courts direct to the supreme
court in the following cases: * * * In any case that in-
volves the construction or application of the Constitution of
the United States."

Mr. Justice Gray, after an extended and thorough review
of the decisions upon this question by the courts of England
and this country, says:

"The decisions above cited conclusively show that under
the common law, as generally understood and administered
in the United States, and in the absence of any statute ex-
pressly giving the right to the state, a writ of error cannot
be sued out in a criminal case after a final judgment in favor
of the defendant, whether that judgment has been rendered
upon a verdict of acquittal or upon a determination by the
court of an issue of law;" and concludes by referring to the
act mentioned in the following language:

"In none of the provisions of this act, defining the appel-
late jurisdiction, either of this court or of the circuit court
of appeals, is there any indication of an intention to con-
fer upon the United States the right to bring up a criminal
case of any grade after judgment below in favor of the de-
fendant."

The statute under consideration in *The State v. Jones*,
*supra*, was as follows:

"All causes of a criminal or civil nature may, for alleged
error in any decision, sentence, judgment or decree of any
such superior court, be carried up from the counties of the

respective districts aforesaid, to the judges of the supreme court, * * * to be by said supreme court revised and determined."

It will be seen that this statute is as broad and comprehensive in its terms as the act under consideration. The court in that case held that the act above cited did not authorize a review of criminal cases at the instance of the state. In speaking of the act it said :

"It certainly asserts that all causes of a criminal nature may be carried up to the supreme court, but it does not declare by whom—it does not say by the state. If, however, it be conceded that it confers the right equally upon the state and the defendant, yet this generality of meaning is qualified by subsequent provisions, so as, by fair implication, to limit the right to the defendant. In prescribing the manner in which decisions, etc., in criminal cases shall be taken up, *provision is made applicable to the defendant—none is made for the state, eo nomine, and that made for the defendant is not applicable to the state.* The inference from these facts is irresistible, that the law does not in any of its provisions, contemplate the state; and that it leaves the state, in this regard, subject to the general law." 7 Ga., p. 426.

In like manner the general language used in section 15 of the act establishing the court of appeals is qualified and limited by the law then in force, providing for writs of error in criminal cases to other courts. The latter clause of the section expressly provides that "Appeals shall be perfected and writ of error made a supersedeas in the same manner and under the same conditions as in cases brought from other courts."

By reference to the act wherein such conditions are prescribed, section 972, page 365 of the General Statutes, it will be seen that the same are made applicable to the defendant, and not to the state ; and, notwithstanding the writ is in express terms by that section made a writ of right and issues, of course, in *all criminal cases* not capital, it has always been recognized as a right conferred only upon the defendant.

The statute under consideration was enacted to establish the court of appeals and define its jurisdiction, and no intent is manifested therein to change the practice in either civil or criminal cases, but its whole tenor and effect is to provide for the exercise of that jurisdiction in conformity with the general procedure and practice then existing, so far as it is applicable, and the general terms therein used should be read in the light of that purpose.

Section 1 of the act reads as follows:

"No writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment, or in replevin, the value found exceeds two thousand five hundred dollars, exclusive of costs. * * *"

If the literal terms of this section are to prevail, the controversy is at an end, and the writ must be quashed. By construction alone can its issuance be said not to be in conflict with the terms of this section. It is only by restricting its language to civil cases that the jurisdiction of the supreme court in any criminal case can be upheld; it is conceded that the language should be so restricted when considered in connection with the other parts of the act.

Something is predicated upon the fact that the jurisdiction of the court of appeals, as defined in section 4 of the act, is not final in criminal cases. The same is true of the district courts of the state. They are not courts of final jurisdiction; but, under the accepted doctrine for thirty years in this state, their judgments are final in criminal cases, as far as a review by the people is concerned. Its provisions pertinent to this inquiry are as follows:

" Sec. 4. The said court shall have jurisdiction—

" First—To review the final judgments of inferior courts of record in all civil cases and in *all criminal cases* not capital. * * *

" Third—It shall have jurisdiction, not final, in cases where the controversy involves a franchise or freehold, or where the construction of a provision of the constitution of the state, or of the United States, is necessary to the decision of the

case, also, in criminal cases. * * * Writs of error from, or appeals to, the court of appeals shall lie to review final judgments, within the same time and in the same manner as is now or may hereafter be provided by law for such reviews by the supreme court."

If its general terms are not to be restricted, the people can, on writ of error, review in the court of appeals all judgments of the district courts in favor of defendants in criminal cases —a conclusion that no one will accept.

Reading this statute in the light of the common law, the prior statutes of this state, and the accepted practice thereunder, we think it is clear that the legislature intended, by the language used in section 15, to provide for writs of error to the court of appeals under the same conditions and at the instance of the same parties entitled to the writ to other courts, as provided by the then existing law. We find no intention therein expressed to confer the right upon the state and thereby establish an anomalous practice, and one in contravention of those maxims of our law that experience has found necessary for the protection of the citizen against arbitrary power.

Writ of error dismissed for want of jurisdiction.

MR. JUSTICE ELLIOTT (dissenting):

It is with some diffidence that I undertake to state the reasons which impel me to dissent from the majority of the court. The elaborate opinion prepared by my brother Goddard and concurred in by the chief justice is not without support from other judicial decisions. Nevertheless, I am firmly convinced that reason, logic, and the approved rules of statutory construction, if not the greater number of precedents, require that the motion to quash the writ of error in this cause should be denied. In passing upon the motion to quash, the following is the only question to be considered and determined:

Is the supreme court vested with jurisdiction by writ of

error in behalf of the people, as well as the accused, to review judgments of the court of appeals in cases of this kind?

The majority opinion assumes that the question whether the supreme court has jurisdiction to revive a judgment rendered by the court of appeals in a criminal case must be determined by the construction to be given to the act creating the latter court. In my opinion, the question depends rather upon the true interpretation of that act, there being no room for construction as to those sections by which the question must be determined.

The members of the court are agreed that the judgment of the district court in this cause might have been taken for review to the supreme court in the first instance, section 1 of the court of appeals act being applicable to civil cases only. I readily agree that unless section 1 be limited to civil cases, there would be no court of this state by which a person convicted of a capital crime might have the record of such conviction reviewed. In view of such consequences any mind animated by a sense of justice and humanity is led to seek some rule of construction to prevent the section from having such effect. The maxim, *noscitur a sociis*, furnishes the key to such construction. He is known by his companions. That the section was intended to apply to civil cases only, is manifested by the associated words, " unless the judgment, or in replevin, the value found, exceeds two thousand five hundred dollars exclusive of costs." These words are peculiarly applicable to civil, but not to criminal cases. So it appears that an approved maxim of statutory construction, as well as an almost overwhelming necessity, approves the limiting of section 1 to civil cases. But, as will presently appear, the construction given to sections 4 and 15 by the majority opinion is not sustained by any such rule, and certainly not by any such necessity.

What does the court of appeals act provide in reference to a review of judgments in criminal cases? It is conceded that the court of appeals is vested with jurisdiction to review judgments in criminal cases, not capital. But by the third

clause of section 4 it is expressly provided that the jurisdiction of the court of appeals shall not be final in criminal cases. No exception is made. The statute does not say that the judgment of the court of appeals shall not be final in cases wherein the judgment is against the accused; nor is there any room for inference that it was intended that such judgment should be final in case it should be against the people. The language is, " It (the court of appeals) shall have jurisdiction, not final, * * * in criminal cases." No limitation or qualification whatever.

From the language of section 3 we are led to expect that provision will be found in the act for the review of judgments rendered by the court of appeals in criminal cases, since the jurisdiction of that court is expressly declared *not to be final* in such cases. Turning to section 15, we find that such provision has been made. Bearing in mind that the judgment of the district court in this cause might have been reviewed by the supreme court *in the first instance*, the first clause of section 15 is very plain :

" Writs of error from, or appeals to, the supreme court, shall lie to review *every final judgment* of the court of appeals in cases which, under this act, might have been taken to the supreme court *in the first instance*."

There is nothing in this language from which it can be reasonably inferred that the review by the supreme court is to be confined to cases wherein the judgment of the court of appeals is against the accused ; nor is there anything to indicate that such review does not extend to cases in which the judgment of the court of appeals is against the people. On the contrary, the language is clear, unambiguous, unequivocal, and positive that the writ shall lie to review " *every final judgment of the court of appeals* in cases which under this act might have been taken to the supreme court in the first instance."

The last clause of section 15 provides that, " Appeals shall be perfected and writ of error made a supersedeas in the same manner and under the same conditions as in cases

brought from other courts." There is nothing in this language to indicate that writs of error to the court of appeals in criminal cases are confined to such judgments as are against the accused. The language of the last clause of section 15 would have been just as appropriate and just as necessary, if in the first clause of the section it had been provided in still more express terms that a writ of error should lie to review judgments adverse to the people in criminal cases.

Thus it appears that in order to deny the right of the state to review a judgment of the court of appeals in a criminal case, it .is necessary to give a forced construction to section 4 as well as section 15. Section 4 must be made to read : " It (the court of appeals) shall have jurisdiction not final * * * in criminal cases " *wherein the judgment of the criminal court is against the accused.* Section 15 must be made to read : " Writs of error from, or appeals to, the supreme court, shall lie to review every final judgment of the court of appeals in cases which, under this act, might have been taken for review to the supreme court in the first instance," *except in criminal cases wherein·the judgment of the court of appeals is in favor of the accused.* What reason or rule of construction can be found, requiring the addition of such words to the statute ?

It is easy to understand how the rule has obtained that a judgment of acquittal in a criminal case is not subject to' review in error at the suit of the state. The defendant having been put in jeopardy and acquitted, cannot, under the constitution, be tried again for the same offense ; and, since a review of the record of acquittal would be unavailing to the state, appellate courts have refused to allow a writ of error in such cases, even when the general language of the statute has been broad enough to sustain the jurisdiction. A very rigid rule of construction might well be adopted by the courts under such circumstances. But where there has been no jeopardy the reason for the rule denying the writ of error to the state does not apply. *Cessante ratione, cessat lex.* The reason ceasing, the rule ceases.

In this case the defendants were not acquitted. On the contrary, they were adjudged guilty by the trial court. They themselves sought a review of their cause by the appellate judiciary of the state. Two avenues of appeal were open to them, but by the positive terms of the statute, both avenues led to the supreme court as the final arbiter to determine the errors of which they complained. They were bound to know that the court of appeals was not vested with final jurisdiction of their cause; they were bound to take notice that their cause was subject to review by the supreme court either before or after the court of appeals should have passed upon it. Having voluntarily invoked the jurisdiction of the appellate judiciary for the purpose of having questions of law investigated and settled, why should they, any more than the state, be permitted to arrest the investigation upon the opinion of an intermediate appellate tribunal, the jurisdiction of which is expressly declared not to be final in such cases? The decision of the court of appeals cannot, under the statute, be regarded as settling the law of the case, its jurisdiction not being final.

The state is not asking to put the defendants again in jeopardy. Having once put them in jeopardy and convicted them, all the state now asks is that such conviction shall stand, and that the original judgment of the trial court shall be enforced, unless it shall be found in pursuance of such a course of review as the statute provides that there was error in the record of such conviction.

Speaking upon this subject, an eminent author upon criminal law says:

"In England, writs of error, the practical object of which is generally to bring whatever appears of record under the review of a higher tribunal, seem to be allowable to the crown in criminal causes; but the courts of most of our states refuse them, and refuse the right of appeal to the state or commonwealth, except where expressly authorized by statute, as in some states they are. In Maryland, the state may have a writ of error at common law to reverse a judgment given on

demurrer in favor of a defendant.   And in some other states questions of law may, without specific statutory direction, be reviewed by this proceeding, or by appeal, on prayer of the state.   The question is not free from difficulty ; but probably some judges have refused the writ to the state, from not distinguishing sufficiently between cases in which the rehearing would violate the constitution, and cases in which the prosecuting power has the same inherent right to a rehearing as a plaintiff has in a civil suit."   1 Bishop on Criminal Law, § 1024.

As intimated at the outset, judicial precedents are not in accord upon questions like the one at bar.   No case precisely analogous to this has been presented.   The authorities cited below, however, very clearly sustain the position that the writ of error lies at the suit of the state to review questions of law ; and, further, that where in a criminal prosecution error of law has occurred after conviction, the state may bring error for the purpose of reviewing and reversing the judgment, that thereby the penalty of the law may be enforced.

In *State v. Buchanan*, 9 Md. 270, the point was directly held that a writ of error lies at the instance of the state in a criminal prosecution.

In *Commonwealth v. Taylor*, 5 Binney (Pa.), 277, the court of quarter sessions having arrested judgment after conviction of a misdemeanor, the supreme court entertained a writ of error, reviewed and reversed the judgment of arrest, and "directed that the record should be remitted to the quarter sessions, that they might proceed to give judgment against the defendant."

In *State v. Norvell*, 2 Yerger (Tenn.), 24, the supreme court expressed the opinion in a case where there had been a conviction for manslaughter and the judgment had been improperly arrested and the prisoner discharged, that such judgment of discharge might be reversed on error and judgment on the conviction rendered against the defendant.

See, also, *Commonwealth v. Anthony*, 2 Metc. (Ky.) 399 ;

*State v. Ross*, 14 La. Ann. 364; 11 Am. & Eng. Ency. of Law, 948, and notes.

It is no purpose of mine to approve the policy of providing for a review of judgments of the court of appeals by writ of error in cases of this kind. It might be better if the statute were otherwise ; nevertheless, its plain provisions should be upheld until modified.

According to a wise principle of the criminal law, the accused is entitled to the benefit of every reasonable doubt as to any question of fact necessary or essential to sustain a conviction against him. To give due effect to this principle, every question of the law applicable to the proceedings whereby the guilt or innocence of the accused is to be ascertained should be considered and passed upon with due regard to his security from wrongful conviction—for example, questions arising upon the introduction of testimony, the charge of the court, and the like. If these requirements are not observed, an appellate court will reverse the case. But when after legal arraignment and fair trial, an accused person has been found guilty, the interests of the state should certainly be regarded as equal to those of the convict in construing the law provided for the punishment of his crime. In my opinion, the true rule in criminal jurisprudence is : Before and during trial—strict construction, to the end that the innocent may not be convicted; after just and lawful conviction—liberal construction, to the end that punishment may be inflicted, the majesty of the law upheld, and society protected.

*Dismissed.*