### THE STATE OF IOWA *v.* JOHNSON.

A writ of error on the part of the state, cannot be sued out in a criminal case.

*Error to the Scott District Court.*

THE defendant was indicted at the the May term, A. D. 1856, of the District Court for Scott county, for maliciously killing an ox. On arraignment, he pleaded not guilty; and on trial was acquitted by the jury. During the progress of the cause, the prosecuting attorney excepted to the instructions given by the court to the jury, at the request of defendant, and a bill of exceptions was signed, and made part of the record.

The prosecuting attorney sued out a writ of error, and has brought the cause to this court for revision. The counsel for defendant, moves the court to dismiss the writ of error, for the following reasons:

1. The defendant having been in the court below, tried and acquitted, this court has no jurisdiction.

2. Should a new trial be awarded, the order will be nugatory; the defendant having been once tried and acquitted, cannot be tried the second time for the same offence.

*Cook & Dillon*, for the state.

*Whitaker & Grant*, for the defendant.

STOCKTON, J.—We are of opinion that the motion of the defendant, must be granted, and the writ of error dismissed. The question is one simply as to the power and jurisdiction of this court. The writ of error is given to the defendant in criminal cases (Code, § 3089), but not to the state. It is true, as argued by the counsel for the state, that the prosecuting attorney may take a bill of exceptions to the decisions of the court, upon matters of law arising during the

trial (Code, § 3046), but the legislature has omitted, if it ever intended, to make provision for a writ of error on the part of the state. This omission it is not in our power to supply. We do not feel authorized to infer that the writ was given to the state, by the section allowing the prosecuting attorney to except to the decision of the court; nor by the language of chapter 184, concerning writs of error. *The State v. Douglass*, 1 G. Greene, 550, was a writ of error on behalf of the state. A motion was in that case made to dismiss the writ of error, on the ground that no such writ would lie in a criminal cause, but the motion was overruled, because the statute (Act of 1844, § 6, p. 6) placed the matter beyond question, and expressly allowed the writ on the part of the prosecution. This act has, however, been repealed, and since the adoption of the Code, no such writ has been allowed to the state.

We do not express any opinion on the question, raised in the argument by the counsel, whether an order by this court, for a new trial in a criminal case, would be nugatory, in virtue of article 1, section 12, of the constitution of Iowa, after defendant has been once tried and acquitted. We only decide, that there being no law to authorize a writ of error on the part of the state, in a criminal case, the motion to dismiss the writ of error in this case must be sustained.