### THE STATE OF IOWA v. NICHOLS.

On an appeal from a justice of the peace, in a criminal case, the district court is confined to the errors assigned in the affidavit for the appeal; and possesses no power, on its own motion, to reverse the cause, on the ground of a defect in the complaint or proceedings, not complained of by the party appealing.

*Appeal from the Floyd District Court.*

MONDAY, DECMBER 28.

This was a complaint under section 2723 of the Code, filed before a justice of the peace in Floyd county, the substance of which is as follows: " For that the defendant on, &c., at, &c., in the county aforesaid, with divers other individuals, played at the game of cards, and risked money upon said game, and said defendant then and there made a bet of money upon a game of cards, which money was won upon said game, and paid over to the person winning the same." There was a trial before the justice and a jury, at which the defendant took several exceptions to the proceedings, and to some rulings of the justice. A verdict of guilty having been found, and judgment rendered, the defendant filed his affidavit, stating the errors complained of, and took the case to the district court. In the district court, the prosecuting attorney moved for an affirmance of the judgment of the justice; but, instead thereof, the court reversed the judgment, and discharged the defendant, upon the ground that the information to the justice, contained a charge of two distinct offences, the one being that of gaming for money, and the other that of bet-

ting. The state appeals, and this action of the court is now assigned as error.

*S. A. Rice*, Att'y General, for the state.

WOODWARD, J.—This alleged defect in the information made before the justice, is not one of the errors assigned by defendant, in his affidavit for a writ of error from the district court to the justice, nor does it appear that he urged this matter on the trial before the magistrate, but it was suggested by the district court, upon its own motion. The only question before this court, therefore, is whether the court below was correct in thus taking notice of the error, (even if there were such an one), upon its own motion, and deciding the cause upon it. After some doubt, by a part of the court, we are of the opinion that the court erred herein. The question is not, whether the complaint is double, but whether the court could take notice of it, without motion, in a case placed as this was. Section 3054 of the Code, authorizes the court to arrest judgment in two instances, on its own motion, but the present case is not within the letter of that provision, nor so far within its spirit, as to warrant the conclusion that the same course might be taken.

In *Santo* v. *The State*, 2 Iowa, 221, the defect complained of, was a radical one in the information, but as it was not assigned as an error in the affidavit, but was first moved in the district court, it was said that "the defendant having appeared before the mayor, and had a trial, without making this question, it is not now open to inquiry." It appears to be the intention of the law, to confine the examination generally, to the matters alleged in the affidavit which is the basis for the writ of error. This doctrine has been recognized by this court, with more or less directness and distinctness, in several cases.

The prosecutor, having embraced two offences in one complaint, could not, on his part, move to quash it, is presumed, although it is probable that he might, with leave

of the court, enter a *nolle prosequi;* neither, as is said above, can the defendant move the matter at this stage of the cause; and thus it presents the serious question, whether the court may, on its own motion, make a suggestion of a defect, of which it is competent for neither party to avail himself.   We believe it safer to adhere to the law as hitherto recognized, and we conclude that the court erred in dismissing the prosecution.

As the district court did not act, in any manner, upon the questions presented in the affidavit, they are not before us for revision, and the cause is remitted to that tribunal, for its action thereon.

Judgment reversed.