### The State of Iowa v. Tait & Tait.

1. **Criminal law:** APPEAL BY THE STATE. Under section 5094, Rev., 1860, the State, in a criminal trial before a justice of the peace, has the right of appeal to the District Court, as well as the defendant.

2. —— PLEA OF GUILTY. And, upon such appeal, inquiry can be made into the circumstances, in order to settle and fix the amount of the

fine or punishment, though the defendant plead guilty below and though the plea has not been withdrawn in the District Court. Especially is this so, where the plea and judgment were entered in the absence of the prosecutor, and before the day fixed for trial.

3. —— RECEIPT-OF FINE. Nor does the receipt of the fine in such a case by the county treasurer, amount to such an acceptance of the adjudication, as to bar the State from the right to appeal.

4. —— CONSTITUTIONAL LAW. Section 5094, Rev., '1860, giving to the State as well as the defendant the right of appeal in a criminal trial before a justice of the peace, is not in conflict with section eleven of article one of the new Constitution.

*Appeal from Jefferson District Court.*

MONDAY, APRIL 15.

ASSAULT AND BATTERY.—The parties appeared before the justice on the 12th of June, 1866, and the case was set for hearing on the 15th of the same month. On the 13th the defendants appeared, waived an arraignment, and plead guilty. They were fined five dollars each, with costs. The whole amount was paid on the same day, and the justice paid it at once to the county treasurer. On the 15th, the State, with the prosecutor, appeared, and, on being advised of the action of the justice, gave notice of appeal. This was perfected, and in the District Court the defendants moved to strike the cause from the docket. Motion sustained, and the State appeals.

*F. E. Bissell,* Attorney-General, for the State.

*Stubbs & McCoid* for the appellees.

WRIGHT, J.—The statute (5094) gives the right of appeal to the State as well as to the defendant; and this right 1. CRIMINAL exists where the judgment is in favor of the LAW: appeal by the State. State as well as where it is against it. That

is to say, the right given is general; and, if the fine assessed is not, in the opinion of those prosecuting and acting for the State, sufficient, an appeal may be taken as well as where the defendant is acquitted.

And, in such a case, it makes no difference that the defendant has plead guilty. *State* v. *Kraft*, 10 Iowa, 330.

2. —— plea of guilty.

Even though the plea should not be withdrawn in the District Court before judgment (§ 4717), inquiry can still be made into the circumstances to settle and fix the amount of the fine or punishment. *State* v. *Rollet*, 6 Iowa, 535. And we have the less hesitation in applying these rules to this case, from the fact that the plea and judgment were entered in the absence of the prosecutor, and before the day fixed for trial. *State* v. *Green & Mann*, 16 Iowa, 239.

To entitle the State to appeal, it is not necessary to show prejudice any more than it is for the defendant in the exercise of the same right. If it does not appear on the hearing, the judgment appealed from should not be disturbed; but this has nothing to do with the right of appeal in the first instance. The cause came up for trial *de novo*, and the doctrine to which counsel refer has application to proceedings in courts for the correction of errors.

Nor does the receipt of the fine in this instance, by the county treasurer, amount to an acceptance of the adjudication within the meaning of the cases and doctrine relied upon by the appellees. The treasurer is not a party to the suit, accepting the amount of the judgment. He knows nothing about the circumstances, and has no discretion left when the money is paid him by the justice.

3. —— receipt of fine.

We are, then, finally, to inquire whether the statute, giving to the State the right of appeal, is in conflict with

The State of Iowa v. Tait & Tait.

**4. —— consti-**
**tutional law.** section eleven, article one, of the Constitution. This article, after providing for the trial of offenses of this character before a justice of the peace, etc., saves "to the defendant the right of appeal." And this saving to the defendant, it is insisted, is by implication a denial of the right to the State. We know of no rule of construction justifying this conclusion. It is illogical to say that, because the General Assembly cannot *deprive* the defendant of the right, therefore it cannot *confer* the same right upon the State. We admit the proposition that affirmative words may imply a negative of that which is not affirmed, as strongly as if expressed ; as also that if a thing is limited to be done in a particular manner, this includes the assertion that it shall not be done otherwise. But this doctrine has nothing to do with the question now before us. The Constitution contains no limitation upon the law-making power upon the subject. But for the saving provision of the Constitution, it would be competent for the legislature to make the judgment of the justice final ; and the recognition or assertion of this right, and a denial of power in the legislature to take it away, is all that was intended.

There is nothing affirmed in conflict with the statute in question. If the Constitution had declared that the State might have this class of cases reviewed by writ of error or *certiorari*, there might have been some ground for appellees' argument, that an appeal could not be authorized. Such a case would come more nearly within the rule stated, but it has no application, in view of well-settled rules of construction, to the enactment in question. As to these rules, see *McCormick* v. *Rusch*, 15 Iowa, 127 ; *Morrison* v. *Springer*, Id., 304 ; *Duncombe* v. *Prindle*, 12 Id., 1.

The order striking the cause from the docket is

.Reversed.