## The State v. Van Horton.

1. **Criminal law:** APPEAL BY THE STATE. When a defendant has been tried and acquitted before a justice of the peace for an offense within the jurisdiction of that officer to try, he cannot again be tried upon an appeal by the State to the District Court.

2. —— CONSTITUTIONAL LAW: TWICE IN JEOPARDY. So much of section 5094 of the Revision as undertakes to give to the State the right of appeal, and to retry the party charged, after acquittal, is invalid as being in conflict with the constitutional prohibition that "no person shall, after acquittal, be tried for the same offense."

*Appeal from Adams District Court.*

THURSDAY, JANUARY 28.

AN information was filed against the defendant before a justice of the peace charging him with the crime of "malicious trespass," in carrying certain saw-logs of the value of $12, from the land of another.

There was a trial to a jury and a verdict of "not guilty." The State in due time and form appealed to the District Court. On defendant's motion the appeal was dismissed on the ground that, after *acquittal* in the inferior court the State could not again put him upon trial. The State excepted and appeals.

*H. O'Conner*, Attorney-General, with *F. M. Davis*, for the State.

*J. P. Cummins* for the defendant.

WRIGHT, J.— The offense charged was triable and punishable before a justice of the peace. Revision, § 4324, as amended by chapter 18, Laws of 1866, p. 25; Constitution, art. 1, § 11; Revision, 5055.

*1. CRIMINAL LAW: appeal by the State.*

That the right of appeal is given to the State by the *statute* in such cases, is not denied. The language is explicit, that *either* party may appeal; that the cause shall, when thus appealed, stand for trial anew, and that *no* appeal, in a criminal case, shall be dismissed. Revision, §§ 5094, 5100, 5101, and see *State* v. *Tait*, 22 Iowa, 140.

But the point made is, that these provisions are in conflict with the Constitution, which declares (art. 1, § 12) that "no person shall, *after acquittal*, be tried for the same offense." The argument being, that the justice had the power to summarily hear and try the case — did determine it; that defendant was upon a full and fair trial before a jury acquitted, and the State cannot, upon appeal, again try him for the same offense. And herein we have the *very question* presented for our determination. In the case above cited (22 Iowa, 140) the appeal by the State (where the defendant was convicted) was sustained. There the only constitutional objection made was that the statute giving the right of appeal was in conflict with section 11, article 1, which, it was insisted, by "saving to the defendant the right of appeal," denied it necessarily to the State; and, so far as we are advised, the question now made is a new one for this State.

We need not say that the defendant, by the proceedings before the justice, was "acquitted" within the language of the Constitution. That is to say, the justice had jurisdiction of the offense, there was a regular trial, verdict and judgment of "not guilty," and no one would pretend that the State could, upon a new information or indictment, put the accused again upon his trial. So far as concerns the right of the State to initiate a second prosecution, the acquittal would be just as conclusive and effective as though ordered by a court of the most general and indisputable jurisdiction. And as the accused could not be put in *new* jeopardy in the one case, neither could

The State v. Van Horton.

he in the other. Therefore, it seems to us that the true inquiry is, whether, by the appeal, there was new jeopardy or a mere *continuation* of the old.

We have seen that the defendants' case falls within the *language* of the Constitution. Why is it not within its *spirit and meaning?* If not, then there can be no constitutional acquittal, so long as the State, by its legislation, may devise means to prosecute, try and retry, one charged with crime. For it could be as well and consistently provided that the State could appeal from a verdict of not guilty in the District Court, and upon a reversal here, again put the defendant upon his trial. In principle, and looking at the spirit of the Constitution, the cases are parallel. And aware of this rule the legislature, while giving to the State the right of appeal to this court (section 4905), expressly provides that we cannot reverse the judgment, the decision being merely obligatory upon the District Court as the correct exposition of the law. The propriety of such a provision is manifest enough when we reflect upon the necessity of submitting mooted questions in some form to the final adjudication of a tribunal having a common jurisdiction over the whole State, for we, of course, thereby tend to insure uniformity in the judicial administration of the law. And, in our opinion, the legislature cannot do more than this, where there has been an acquittal by the justice. So much of the statute, therefore, as undertakes to give to the State the right of appeal, and to retry the party charged after acquittal (we do not stop to explain what would or would not amount to an acquittal, for the fact is conceded in the case before us), must in our opinion be held invalid. Mr. Bishop (1 Cr. Law, section 664) says, "that, in England, writs of error, the practical object of which is generally to bring the matter under the review of a higher tribunal,

*2. —— constitu-tional law: twice in jeopardy.*

seem to be allowable to the crown in criminal cases; but the courts of some of our States refuse them, and also refuse the right of appeal to the State, except where such proceedings are expressly allowed by statute, as in some States they are." And then in explanation of this it is further said that " a legislative provision for the rehearing of a criminal cause cannot be interpreted to violate the constitutional rule under consideration (that which protects a party from being put twice in jeopardy), whatever the words in which the provision is expressed. When, therefore, the defendant has been once in jeopardy, the jeopardy cannot be repeated without his consent, whatever statute may exist upon the subject. And so the writ of error, or the like, allowed the State, can authorize the State to procure the reversal of erroneous proceedings and proceed anew, only in cases in which the first proceedings did not create a legal jeopardy. But when the indictment is sufficient and the proceedings are regular, before a tribunal having jurisdiction down to the time when the jeopardy attaches, there can be no second jeopardy allowed in favor of the State on account of any lapse or error at a later stage" (section 665); and further, "if the tribunal has authority  *  *  *  whether it is an inferior one, as a justice's court, or whether it is a superior tribunal, a conviction or acquittal in it will be a bar to any subsequent proceedings in the same, or by any other judicatory." Section 666. And these propositions, plain and unquestionable in themselves, are abundantly supported by the authorities cited in the notes.

In *The State* v. *Reynolds* (2 Hayw. 110) the Supreme Court of Tennessee held, that a writ of error or appeal in the nature thereof would not lie for the State in a criminal case. In the course of the opinion we find this language : " It is a rule of the common law that no one shall be brought twice in jeopardy for the same offense.

Were it not for this salutary rule, one obnoxious to the government might be harrassed and run down by repeated attempts to carry on a prosecution against him. Because of this rule it is that a new trial cannot be granted in a criminal case when the defendant is acquitted. A writ of error will lie for the defendant but not against him. And see the observations of BRONSON, J., in *The People* v. *Corning*, 2 Comst. 9, and cases there cited; also of SHAW, Ch. J., in *The Commonwealth* v. *Cummings*, 3 Cush. 212; 1 Bishop, § 658, and the very full note (3).

We do not say that the State may not under this statute, and perhaps others, take steps to have the erroneous rulings of these inferior tribunals corrected precisely as in this court it may have reviewed those made by the District Court. What we hold is, that, where the accused after trial upon the merits has been acquitted before the justice, the State cannot, upon appeal, compel him to stand a second trial. For if so then it would be just as competent to allow the State to appeal after an acquittal before the justice and in the District Court, and if the cause should be here reversed, have a third trial; and if there should be a third acquittal, then another appeal, and so on without end; and thus the constitutional guaranty would not be "worth the parchment upon which it is written." When the jeopardy has once attached (as it surely has when there has been a trial and acquittal before a court of competent jurisdiction), the State under no known rule can be allowed to take a backward step, neither the justice nor the District Court (if the trial had been there), could, after such acquittal, grant a new trial. What could not be done in one form of proceeding could not, in view of defendant's constitutional rights, in another.

Affirmed.