The City of Boscobel vs. Bugbee.

THE CITY OF BOSCOBEL VS. BUGBEE.

CITY CHARTER: JUSTICES OF THE PEACE. *(1) When proceedings before city justices regulated by general justices' act.*

ACTIONS FOR PENALTIES. *(2)* Quasi *criminal; terms of continuance. (3) Cannot be brought up by appeal.*

1. A city charter provides that justices of the peace elected under it shall have exclusive jurisdiction of all actions arising under the act, or the ordinances, etc., of the city; and it neither refers expressly to the general justices' act, nor makes any other provision for regulating the proceedings before such city justices. *Held,* that it must be understood as merely giving such justices jurisdiction of the actions mentioned, to the exclusion of other justices of the peace; that the proceedings before them are subject to the provisions of the general justices' act; and that an appeal, therefore, lies from their judgments to the circuit court, as provided in the latter act.

2. An action for a penalty for violating a city ordinance is *quasi* criminal; and in such cases it is error for the circuit court to require payment of the *costs* as the terms of a continuance.

3. Criminal and *quasi* criminal actions cannot be brought to this court by *appeal,* under the statute, but only by writ.

APPEAL from the Circuit Court for *Grant* County.

The action was commenced in a justice's court of the city of Boscobel, for an alleged violation of a city ordinance; and was appealed by the defendant to the circuit court.   This is

an appeal by the plaintiff city from a judgment of that court dismissing the action for its failure to comply with the terms on which it had obtained a continuance of the cause, by paying the costs of the term at which such continuance was granted.

The case is more fully stated in the opinion.

The cause was submitted on the briefs of *Alexander Provis* for the appellant, and *Barber & Clementson* for the respondents.

For the appellant it was argued, that the justices' courts created by the charter of the plaintiff city, are "municipal courts" within the meaning of the constitution; that it is in the power of the legislature to confer upon such courts jurisdiction commensurate with that of the circuit court, and exclusive as to the trial of all matters arising under the city charter and ordinances, leaving the circuit court its supervisory control over such proceedings under sec. 8, art. VII of the constitution (*Atkins v. Fraker*, 32 Wis., 510; *Connors v. Gorey*, id., 518; *Zitske v. Goldberg*, 38 id., 233–4; *Jenkins v. Morning*, id., 197); that this case is distinguished from *Jenkins v. Morning*, in that the charter contains no reference to the general justices' act as regulating the proceeding in the justices' courts therein provided for, but, after conferring upon them exclusive jurisdiction of actions like the present, prescribes distinctly the manner and forms of such actions, the pleadings therein, the rule of evidence, and the character of the judgment to be rendered; that therefore the circuit court had no jurisdiction to try the case *de novo;* and that the plaintiff's implied consent would not cure the want of jurisdiction.    2. That this must be regarded as a civil or *quasi* civil action (charter, ch. 21, secs. 22, 23); that upon appeal from justices' courts in such actions, where the damages do not exceed fifteen dollars, the statute declares that the "appellate court shall give judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits," and that "in giving judgment the

court may affirm or reverse the judgment of the court below, in whole or in part" (Tay. Stats., 1399, § 236); and that, under this provision, the circuit court, on such appeals, " can only affirm or reverse the judgment, and cannot render any other judgment, except for costs of the appeal." *Smalley v. Ericson*, 36 Wis., 302, and cases there cited.

For the respondent it was argued, 1. That the justices' courts of Boscobel cannot act at all unless the provisions of ch. 120, R. S., are applicable to them, the charter only furnishing some slight and peculiar regulations in respect to certain actions brought therein, but no adequate general rules of procedure. The charter also says nothing about appeals either to the circuit court or to any other court  But it designates the justices of these courts as "justices of the peace;" and the evident design is, that these courts shall be governed by the general statute relating to justices' courts; and that statute (ch. 120, sec. 204) provides that any party to a final judgment rendered by a justice of the peace may appeal therefrom to the circuit court. 2. That the provision of the charter (sec. 27) which gives to the justices of said city exclusive jurisdiction of certain actions, was intended to exclude the jurisdiction of other justices over such actions, and not to prohibit appeals from the judgments of the city justices therein. 3. That if an appeal lies to the circuit court from the judgment of a city justice in an action like this, under ch. 120, the method of procedure in the circuit court must be governed by the provisions of that chapter, and it may properly try a case *de novo* where the judgment exceeds fifteen dollars; and that when the appeal has been duly taken, the circuit court has jurisdiction of the cause, and any mistakes which it may make in the method of trial or otherwise, are mere *errors*, and do not affect its *jurisdiction*. 4. That the method of trial might be changed by consent of the parties (*Hagan v. Casey*, 30 Wis., 553); and that in this case the plaintiff consented that the action should be tried *de novo*, and both parties acted upon that

understanding.   5. That the continuance was granted on plaintiff's motion, and was accepted without objection to the terms imposed, and plaintiff cannot now repudiate it.   6. That sec. 218, ch. 120, R. S., limiting the court to the affirmance or reversal of a justice's judgment not exceeding $15, refers to the determination of the appeal upon its merits, and not to a judgment for noncompliance with the terms of a continuance.   7. That the order of continuance was discretionary, and not appealable (*Roby v. Hudd*, 22 Wis., 638; 30 id., 325; 12 id., 530); and how can plaintiff now object to a judgment consistent with that order?

For the appellant it was argued in reply, that the provision of the charter giving the city justices " exclusive jurisdiction of all actions, trials and examinations " arising under the act or the ordinances passed pursuant to it, prohibits not only other justices, but the circuit court and all the courts, from taking *original jurisdiction* in such cases (Const. of Wis., art. VII, sec. 8; *Conroe v. Bull*, 7 Wis., 411); that the statutory appeal, with its incidents, provided for by ch. 120, R. S., applies only to justices of the peace elected " *in any town,*" etc. (sec. 4), and such right cannot exist in cases not provided for by statute (*Mitchell v. Kennedy*, 1 Wis., 511); that the circuit court still retains appellate jurisdiction and supervisory control in such actions over those courts, because these are secured to it by the constitution; but that these constitutional powers of that court do not involve a right to treat the judgment of an inferior court as a nullity by trying the case *de novo*, but only the right to review the proceedings of an inferior court as the proceedings of the circuit courts are reviewed in this court under a similar grant to the latter of appellate jurisdiction and superintending control.   *Harrison v. Doyle*, 11 Wis., 283.

COLE, J.   1. This action was commenced before a justice of the peace of the city of Boscobel, to recover a penalty for vio-

lating an ordinance of the city. The ordinance was entitled "an ordinance for the protection of the public peace;" and the charge against the defendant was, that he had violated the ordinance, "by fighting and threatening to fight." On the trial before the justice, the defendant was found guilty, and was adjudged to pay a fine of $15, besides the costs; and, in default of the payment of the fine and costs, the defendant was to be imprisoned in the county jail for ten days, or until the fine and costs were paid, or until he was otherwise discharged. From this judgment the defendant appealed to the circuit court; and the first question for consideration is, whether an appeal lay in the case. The counsel for the city contends that it does not, for the reason that section 27 of the charter enacts that " the justices of the peace elected under this act and residing within the corporate limits of said city, shall have exclusive jurisdiction of all actions, trials and examinations arising under this act, or the ordinances, by-laws, rules, resolutions or regulations passed in pursuance of this act." Ch. 148, Laws of 1873. This provision, we have no doubt, was only intended to give the justices of the city jurisdiction of the class of actions specified, to the exclusion of other justices. We do not think it should be construed as taking away the power of the circuit court to try such cases on appeal. True, the charter does not provide for an appeal to the circuit court; but we suppose the justices' act applies to and regulates the proceedings before the justices of the city. If the provisions of the justices' act do not apply to those courts, there is no statute regulating proceedings before them; for confessedly the charter is silent on the subject. But we have no doubt that the provisions of the justices' act are applicable to those courts, and that an appeal lies from their judgments. Upon this question the case of *Jenkins v. Morning*, 38 Wis., 198, is quite in point. It is true, the jurisdiction of the police justice in that case was defined by a reference in the city charter to the statutes which determine the jurisdiction of a

justice of the peace, while in the charter of the city of Bosco-
bel there is no such reference.   But we cannot believe the
legislature created these courts for the city of Boscobel and
left them without any laws regulating their proceedings.   The
conclusion is irresistible, that the legislature intended the pro-
visions of the justices' act should apply and regulate the prac-
tice in the justices' courts of the city.   It results from this
view, that an appeal lay to the circuit court from the judg-
ment.

2. In the circuit court an application was made on the part
of the city for a continuance, on account of the absence of a
material witness.   The circuit court granted the continuance
on condition that the plaintiff pay the defendant's attorney
five dollars and the costs of the term, within thirty days from
the close of the term, or the action be dismissed.   The costs
not being paid within the time limited, and that fact being
made to appear to the circuit court by affidavit, on motion of
the defendant's attorney, the action was dismissed.   The judg-
ment dismissing the action on the ground that the costs of
the term were not paid, we think, was erroneous.   The action
was *quasi* criminal in its character, and in that class of actions
the court should not require the payment of the costs as terms
for a continuance.   A different rule applies than in civil cases
in respect to terms of continuance.

3. The action being *quasi* criminal, it could not be brought
to this court by appeal.   The statute regulating and governing
appeals to this court refers to civil actions only.   The decis-
ions upon the bastardy act are strictly in point on this ques-
tion of practice.   *State v. Mushied*, 12 Wis., 561; *State v.
Jager*, 19 id., 235.   We felt it to be our duty to briefly ex-
press our views upon the questions discussed by counsel, al-
though the appeal must be dismissed for the reason just given.

*By the Court.* — Appeal dismissed.