### THE STATE v. FLINN.

1. **Criminal Law:** APPEAL FROM JUSTICE: WRIT OF ERROR DOES NOT LIE. A writ of error does not lie from the District Court to an inferior court in criminal cases.

*Appeal from Linn District Court.*

SATURDAY, APRIL 26.

THE defendants were brought before the mayor of Marion on a charge of violating a city ordinance by disturbing the peace. The defendants filed, in due form of law, a motion for a change of venue, which the mayor overruled, to which ruling the defendants excepted. Upon the hearing the mayor assessed a fine against each of the defendants of twenty-five dollars. The defendants filed their affidavit in the clerk's office for a writ of error from the District Court to the mayor, assigning, among other alleged errors, the overruling of the defendant's motion for a change of venue. In the District Court the District Attorney filed a motion to dismiss the proceeding, for the reason that no writ of error lies in the District Court to an inferior court in criminal cases. The motion was sustained. Defendants appeal.

*Thompson & Davis,* for appellants.

*J. F. McJunkin, Attorney General,* for the State.

DAY, J.—Section 506 of the Code provides that the rules

of law regulating proceedings before a justice of the peace shall be applicable to proceedings before the mayor of a city or incorporated town. Section 4697 of the Code, respecting trials before justices of the peace on information, provides: "The justice rendering a judgment against the defendant must inform him of his right to an appeal therefrom, and make an entry on the docket of the giving of such information, and the defendant may thereupon take an appeal by giving notice orally to the justice that he appeals; and the justice must make an entry on the docket of the giving of such notice." Section 4702 provides: "The cause, when thus appealed, shall stand for trial anew in the District Court, in the same manner that it should have been tried before the justice, and, as nearly as practicable, as an issue of fact upon an indictment, without regard to technical errors or defects which have not prejudiced the substantial rights of either party." This is the only mode provided by statute for review in the District Court of a criminal case tried in an inferior court. Sections 3597–3604 of the Code are applicable only to the Circuit Court, and to civil proceedings, since the Circuit Court has no criminal jurisdiction.

*1. CRIMINAL law: appeal from justice: writ of error does not lie.*

It is true that, by the denial of a writ of error in criminal cases, the defendant may be deprived of all means of reviewing in the District Court mere questions of law. For instance, in this case, upon appeal, there would be no means of determining whether or not the mayor erred in refusing to grant a change of venue. Yet such a result works no substantial prejudice to the defendant, since he is allowed a new trial upon the merits in the District Court.

Appellant cites *State v. Nichols*, 5 Iowa, 413, and *State v. Roney*, 37 Id., 30. The first case arose under the Code of 1851, under the provisions of which (sections 3358, 3365) the mode of review of a criminal case in the District Court, although called an appeal, partook in many respects of the nature of a writ of error, and the calling it a writ of error in

this case is merely an inaccuracy of expression. *The State v. Roney, supra,* was an appeal of a prosecuting witness who had been adjudged by a justice to pay the costs of the prosecution. The case has no application to the question involved in this case.

The judgment is

AFFIRMED.