THE PEOPLE OF THE STATE OF ILLINOIS

v.

JAMES MINER et al.

*Filed at Ottawa, January 19, 1893.*

1. CRIMINAL LAW — *appeal by the people.* A defendant having been arrested for a criminal offense, tried before a competent court and acquitted, can not, on the application or appeal of the people, be tried a second time. This applies as well to misdemeanors as to felonies.

2. FISH LAW — *provision for appeal, unconstitutional.* Section 14 of the fish law of 1885 and 1887, which provides for an appeal from a judgment, acquitting one charged with a breach of that law, and for his trial on appeal, is in violation of section 10, article 2 of the constitution, which provides that no person shall twice be put in jeopardy for the same offense.

3. APPEALS AND WRITS OF ERROR — *record treated as an answer to a writ of error.* Where the trial court refuses to grant an appeal from its judgment, to the plaintiff, who causes to be filed in this court a transcript of the record upon which errors are assigned, if the other party appears and files briefs, the record may be treated as filed in answer to a writ of error, and there being no appeal, a motion to dismiss the appeal can not be allowed.

4. SAME — *validity of a statute.* Where the only question presented by the record is the constitutionality of a statute, an appeal lies directly from the trial court to this court.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. JAMES M. BROCK, for the plaintiff in error.

Messrs. PEPPER & SCOTT, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a prosecution instituted before a justice of the peace of Mercer county against James Miner and Fred Sillick for a violation of the fish law, by illegally catching and killing fish with a seine, contrary to the statute of the State. The prosecution was commenced by filing a sworn complaint before the

justice, upon which a warrant was issued in the name of the people for the arrest of the defendants named in the complaint. The defendants were arrested and brought before the justice, where a trial was had before a jury, resulting in a verdict of not guilty, and the defendants were discharged. Walter D. Dodson, who made the complaint, took an appeal to the Circuit Court where, on motion of the defendants, the appeal was dismissed. For the purpose of reversing the judgment of the Circuit Court the People have brought the record to this court.

The defendants entered a motion to dismiss the appeal.

This motion will have to be overruled. In the first place no appeal was allowed nor has an appeal been taken. There is, therefore, no appeal to be dismissed. An appeal was prayed in the Circuit Court and denied. The people then filed in this court a transcript of the record properly certified, upon which errors have been assigned, and as the defendants have appeared and filed briefs, the record may be treated as filed in answer to a writ of error.

It is also insisted that this court cannot entertain jurisdiction of this case on appeal from or error to the Circuit Court; that the case should have gone to the Appellate Court. There is but one question presented by the record and that is, the constitutionality of a statute; and under the ruling in *People* v. *Blue Mountain Joe*, 129 Ill. 370, the case was properly brought directly to this court.

The Circuit Court, as we understand the record, dismissed the appeal on the ground that the proceeding was a criminal prosecution, and as there had been one trial before the justice of the peace and a jury, the defendants could not be tried a second time for the same offense on appeal or otherwise. Section 10, article 2 of our constitution provides : " No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." Section 14 of the fish law of 1885 and 1887 provides : " That any defendant who may be convicted, or in case of acquittal the

party making the complaint, or any person who will give the necessary bond, shall have the right of appeal on the same terms as in civil cases before justices." As the statute is sufficiently comprehensive to allow an appeal in a case of this character, on behalf of the people, the only question to be determined is, whether the statute is in conflict with the constitution. On the 31st of May, 1887, the legislature passed an act to encourage the propagation and cultivation and secure the protection of fishes in all the waters of this State. This act contained sixteen sections and provided that all acts in conflict with the act should be repealed. On the 3d day of June, 1889, another act was passed amending the act of 1887 by substituting sections 1 to 6 and section 15, for sections 1 to 6 and section 15 in the other act. The act was again amended in 1891, but as this prosecution was commenced in November, 1890, it must be controlled by the acts of 1887 and 1889, and such portions of the act of 1885 as were not repealed by the act of 1887. Section 8 of the act of 1887 requires all suits brought to enforce the provisions of the act to be brought before a justice of the peace, in the name of the people, on the complaint of any person showing by affidavit that some section of the act had been violated. Section 10 provides that if the justice before whom the complaint is made shall be satisfied that there is reasonable cause, he shall issue his warrant directed to the sheriff or constable of the county, commanding him forthwith to arrest and bring before him the person alleged to be guilty. Section 11 provides for a trial before the justice and a jury, if one should be demanded, and judgment shall be for conviction or acquittal. Section 12 authorizes an execution to issue upon a judgment of conviction immediately, and section 13 provides if the execution is returned no property found, the justice shall issue his warrant to the sheriff or constable, commanding him to take and deliver the defendant to the jailer of the county, who shall commit the defendant not less than ten nor more than sixty days, as the justice shall direct in his warrant. Sec-

tion 5 of the act of 1889 makes it the duty of all sheriffs and constables and fish commissioners to cause any person violating the act to be promptly prosecuted, and the fish commissioners shall have power to arrest without warrant any violator of the act, except as to sections 2 and 3. Section 15 provides that a person violating any of the provisions of the act shall be guilty of a misdemeanor, and upon a conviction shall be fined not less than ten nor more than two hundred dollars. Under these provisions of the statute the defendants were arrested under a warrant, charged with the violation of a public law, a conviction under which is declared to be a misdemeanor. In view of the language of the statute and the manner in which the defendants were arrested, tried and acquitted, the conclusion is irresistible that the defendants were tried for a criminal offense. Indeed, the fact that defendants were on trial for a criminal offense might be placed on section 8, Division 2, of the Criminal Code. That section declares a criminal offense consists in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence. The defendants having been arrested for a criminal offense, tried before a court of competent jurisdiction, can they, on the application of the people, be tried a second time? This is forbidden both by the common law and our constitution and cannot be done. In Wharton's American Criminal Law, vol. 1, sec. 573, after referring to the provision in the Federal constitution, to the effect that no person shall be subject for the same offense to be twice put in jeopardy, the author says: " Whether this amounts to anything more than the common law doctrine involved in the plea of *autrefois acquit* has been much doubted. What that doctrine is has been already stated. It is founded, to adopt the summary of Chitty, upon the principle that no man shall be placed in peril of legal penalties more than once upon the same accusation. It has, therefore, been generally agreed that where a man has once been pronounced not guilty on a valid indictment or appeal he can not

afterward be indicted again upon a charge of having committed the same supposed offense. At common law, as has been seen, it means nothing more than that where there has been a final verdict either of acquittal or conviction on an adequate indictment the defendant can not a second time be placed in jeopardy." The question in a somewhat different form was before this court at an early day in *The People* v. *Dill*, 1 Scam. 257, where the defendant had been indicted for selling liquor without a license. A trial was had and defendant acquitted. The State's Attorney, in behalf of the people, excepted and sued out a writ of error. The defendant appeared and moved to dismiss the writ of error for the want of jurisdiction, and the motion was sustained and the writ of error dismissed. The same question arose in *The People* v. *Royal*, 1 Scam. 557. There the defendant had been tried and convicted for an assault and battery before a justice of the peace. On appeal by the defendant to the Circuit Court the judgment of the justice was reversed and the defendant discharged. The people sued out a writ of error and the court dismissed it on its own motion, and in deciding the case said : " The constitution of this State * * * has declared that no person shall for the same offense be twice put in jeopardy, * * * or, in other words, that he shall be again tried for the same offense after an acquittal. * * * It is manifest that in such a case this court has no jurisdiction over the cause, and that even a reversal of the judgment of the Circuit Court could not be of practical utility." It will be observed that both of the cases cited, like the one here involved, were misdemeanors. The doctrine is, therefore, applicable to misdemeanors as well as felonies. The language of our constitution on this point is plain : "No person shall be twice put in jeopardy for the same offense." Where there has been a trial and conviction or acquittal for a criminal offense, regardless of the magnitude of the crime, the constitution applies. We have been, however, referred to *The People* v. *Bridges*, 142 Ill. 30, as an authority sustaining the position of

appellant. In that case the question was neither raised, considered nor decided, and hence it can have no bearing here. We have also been referred to *Jones* v. *State*, 15 Ark. and *Taylor* v. *State*, 36 id. as authorities sustaining the position of appellant. In those cases it was held, as we understand them, that where a defendant is indicted for a misdemeanor, punishable by fine only, and is acquitted, and the people sue out a writ of error and reverse the judgment, there may be a second trial. But the decision is based on the peculiar phraseology of the constitution of that State which provides that a person "shall not be twice put in jeopardy of life or limb." This differs so much from the language of our constitution that the decisions of the Supreme Court of Arkansas, although rendered by an able bench, can not be regarded as authority to control cases arising under our constitution. The case of *The People* v. *Blue Mountain Joe*, 129 Ill. 370, was an ordinary action of debt and can have no bearing here. In conclusion, we are of the opinion that the section of the statute which authorized the people to take an appeal was unconstitutional, and the Circuit Court did right in dismissing the appeal. The judgment will be affirmed.

*Judgment affirmed.*