CITY OF MILWAUKEE, Plaintiff in error, vs. WEISS, Defendant in error.

*September 1— September 22, 1896.*

*Milwaukee police court: Review of judgments: Writ of error: Appeal.*

1. A judgment of the police court of Milwaukee cannot be brought directly to the supreme court for review on writ of error.

2. Though the act creating the police court of Milwaukee does not expressly give to the city the right of appeal where a person charged with violation of a city ordinance is acquitted therein, yet, if the action is a mere civil action to recover a penalty, *it would seem* that the city has a remedy under the general statutes regulating appeals in such cases.

ERROR to review a judgment of the police court of the city of Milwaukee: NEELE B. NEELEN, Judge. *Writ dismissed.*

For the plaintiff in error there was a brief by *C. H. Hamilton*, city attorney, and *Ernest Bruncken*, assistant city attorney, and oral argument by *Mr. Hamilton*.

For the defendant in error there was a brief by *Toohey, Gilmore & Donovan*, and oral argument by *John Toohey*.

CASSODAY, C. J. The defendant in error was charged, in the police court, with having violated the city ordinance regulating the sale of milk therein. On being tried therefor in that court, by consent, before a jury of six men, he

was acquitted, and thereupon judgment was entered discharging him from custody. To reverse that judgment the city sues out this writ of error. This court has recently held that such judgment cannot be taken directly to this court for review on writ of error. *Milwaukee v. Simons, ante*, p. 576. We fully approve of what was there said by Mr. Justice MARSHALL. It is claimed, however, on the part of the city, that it is without any remedy, unless given by this writ of error. It is true, the act creating such police court (sec. 16, ch. 6, Laws of 1895) gives to every person convicted therein the right to appeal to the municipal court of that city and county, and a retrial therein, but does not, in express terms, give a right of appeal to the city in case of acquittal in the police court, as here. It does not appear from the record before us whether this is a mere civil action to recover a penalty imposed by the ordinance, or is a misdemeanor within the meaning of the statute. R. S. sec. 3294. If this is a mere civil action to recover a penalty, then, under the statutes regulating appeals in such cases, the city, it would seem, has a remedy. *Boscobel v. Bugbee*, 41 Wis. 59; *Oshkosh v. Schwartz*, 55 Wis. 483; *State v. Grove*, 77 Wis. 448. If, on the other hand, the offense charged constitutes a crime or misdemeanor, within the meaning of the statute cited, then it is obvious that the city is not entitled to such writ of error. *U. S. v. Salter*, 1 Pin. 278; *State v. Kemp*, 17 Wis. 669; *State v. Martin*, 30 Wis. 216; *State v. Grottkau*, 73 Wis. 595; *State ex rel. Hamilton v. Municipal Court*, 89 Wis. 358; *U. S. v. Sanges*, 144 U. S. 310.

It follows from what has been said that the writ of error was improvidently granted, and is therefore dismissed.

*By the Court.*— Writ dismissed.