THE PEOPLE OF THE STATE OF ILLINOIS, for use, etc.

*v.*

FRANKLIN D. KELLY.

*Opinion filed October 19, 1900.*

APPEALS AND ERRORS—*when appeal should be taken to Appellate Court.* In determining the right of the People to appeal to the circuit court from a justice court proceeding to recover the fine prescribed by section 8 of the Dentistry act, (Laws of 1899, p. 272,) the validity of such act is not involved since it does not attempt to give the right of appeal, but such right depends upon the construction of the act as to whether the proceeding is civil or criminal, and hence an order of the circuit court dismissing the appeal should be taken to the Appellate Court for review, even though one of the grounds of dismissal is that the act is unconstitutional.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

JOHN DAILEY, State's Attorney, and EDWIN HEDRICK, for appellant.

JAMES A. CAMERON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a suit in debt brought before a justice of the peace of Peoria county, in the name of the People of the State of Illinois, for the use of the Illinois State Board of Dental Examiners, to recover the fine prescribed by section 8 of the act regulating the practice of dentistry, (Hurd's Stat. 1897, p. 1080,) as amended by the act of 1899. (Laws of 1899, p. 272.) Section 8, as amended, is as follows: "Any person who shall violate any of the provisions of this act shall be liable to prosecution before any court of competent jurisdiction, in the name of the People of the State of Illinois, and upon conviction may be fined in any sum not less than $25, nor more than $100, for each and every offense. All fines and penalties recovered under this act shall be paid to the Illinois State

Board of Dental Examiners for their use." The summons was in the ordinary form of civil process before justices of the peace, and was served by reading. The jury found the issues for the defendant and the justice rendered judgment in bar of the action. The People took the case, by appeal, to the circuit court, where, on motion of the defendant, the court dismissed the appeal on the ground that it had no jurisdiction to entertain it. This is a further appeal by the People to reverse the judgment of the circuit court, brought directly to this court instead of the Appellate Court, on the alleged ground that the constitutionality of the statute is involved.

The bill of exceptions shows that the grounds alleged in the motion as showing a lack of jurisdiction of the appeal were, first, that the suit was a criminal prosecution, and the defendant having been discharged from liability before the justice of the peace could not be held to answer again for the same offense; second, that the statute is unconstitutional because it gives the board of dental examiners sole power to carry out the purposes and to enforce the provisions of the act, and gives to the board all fines and penalties recovered under it. The bill of exceptions also recites that for the reasons mentioned in support of the motion the court sustained the motion and dismissed the appeal for want of jurisdiction.

Counsel for both parties seem to take it for granted that this court has jurisdiction of the present appeal, and have directed their arguments to the two questions above mentioned,—that is, whether the case is a criminal or a civil proceeding, and whether the statute is constitutional or not. We are of the opinion, however, that the appeal should have been taken to the Appellate Court instead of this court. Our jurisdiction depends upon the question whether or not the validity of the statute is involved. If it was not involved in the decision of the court below in dismissing the appeal it is not involved here, for we can pass on such questions only as

were involved in the decision of the circuit court. It must be borne in mind that the cause was not tried *de novo* in the court below, and that only the appeal, and not the suit, was dismissed. The case differs materially from *People* v. *Miner*, 144 Ill. 308, relied on by appellee. In that case we held that the proceeding against Miner for violating the statute enacted for the protection of fish was a criminal prosecution, and that he, having been acquitted before the justice of the peace, could not be tried again or again put in jeopardy for the same offense on appeal or otherwise, and that the provision of that statute purporting to authorize the appeal violated section 10 of article 2 of the constitution. A casual examination of the two statutes will show material differences, not only respecting the suit or proceeding itself, but respecting the right of appeal. The law for the protection of fish itself provided for the appeal which was taken in the *Miner case*, and it was that provision which was declared invalid. But the statute regulating the practice of dentistry contains no provision for an appeal, and the right of appeal, if it exists, is given by other statutes. Consequently, so far as that right is concerned, the constitutionality of this statute was not involved, because it did not undertake to deal with that question. True, in determining whether or not the right of appeal on behalf of the People to the circuit court existed, it was necessary for that court to decide whether the case was a civil or a criminal one, and having decided that it was criminal, the dismissal of the appeal necessarily followed,—not because the statute was unconstitutional, but because there was no law which authorized such an appeal. It follows that the Appellate Court is the proper tribunal to determine, on appeal, the correctness of that decision. This must be so, for whether the prosecution to recover the fine authorized by section 8 is civil or criminal does not involve the validity of that section or of the act itself. It is a question of construction of

the statute and not of the constitution. It will not be claimed, of course, that the validity of the statute depends on the question whether the suit is a civil or criminal one, for if the legislature has the power to enact a statute regulating the practice of dentistry and to prescribe fines or penalties for violations of its provisions, it may, in its discretion, make the proceeding for the collection of such fines or penalties civil or criminal. In the statute for the protection of fish such violations were made misdemeanors, and the proceedings were as in criminal cases. (*People* v. *Miner, supra.*) But in the eleventh section of the act regulating the practice of medicine and surgery the proceeding to collect the fine there authorized was made a civil one. (*People* v. *Blue Mountain Joe*, 129 Ill. 370.) True, in the latter case it was held that the appeal by the People was properly taken directly to this court from the county court, for the reason that on the trial of the case the county court refused to admit proper evidence against the defendant, under said section 11, on the ground that that section was unconstitutional, thus directly involving the validity of the statute in the decision of the case. But in the case at bar the judgment appealed from did not involve the merits of the case, but only the right of appeal. Neither the parties nor the court below could make the validity of the statute a question involved in the case by either argument or decision that it was unconstitutional, when the constitutionality of the statute had nothing to do with the question whether the People had the right to appeal or not. Suppose it to be conceded that the effect of the verdict and judgment for the defendant in the justice's court was that the statute was unconstitutional; still, if it was a civil case the People had the right to appeal to the circuit court and have the case tried *de novo*, and the validity of the statute could be determined on such appeal only by another trial or on motion to dismiss the suit. The only question involved on the appeal

taken to this court is the proper construction of the statute and the consequent determination whether the case was a civil or a criminal proceeding. The decision of that question will determine the right of the People to take the appeal to the circuit court,—and that, too, whether the statute is constitutional or not.

It appearing that this court is without jurisdiction to entertain this appeal, it must be dismissed.

*Appeal dismissed.*