STATE OF IOWA, Appellant, v. D. D. FORD, JOHN PUMROY and Three cases of Beer.

**Criminal Law:** JURISDICTION.  The supreme court will not acquire jurisdiction of a cause arising in police court unless the same was in the first instance appealable to the district court.  And the fact that defendant did not appeal from an order of the district court overruling his motion to dismiss would not preclude his raising the question of jurisdiction in the supreme court; as the question of jurisdiction may be raised at any stage of the proceeding.

**Same:** JUDGMENT FOR DEFENDANT: APPEAL: JURISDICTION.  There is no statute authorizing an appeal by the state from a judgment of a justice of police court in favor of a criminal defendant; and in the absence of a statute authorizing an appeal in such cases, and conferring jurisdiction on the district court, it has no power to review the proceedings.

*Appeal from Wapello District Court.*—Hon. F. W. HUNTER, Judge.

SATURDAY, SEPTEMBER 20, 1913.

THE defendants were accused of conveying intoxicating liquors within the state to persons not holding a permit and, on trial, acquitted by the police court.  Thereupon the State appealed to the district court, which affirmed the decision. From this ruling, the State appeals.—*Dismissed.*

*George Cosson,* Attorney-General, and *Chester W. Whitmore,* for the State.

*Ernest R. Mitchell,* for appellees.

LADD, J.—The accusation against D. D. Ford and John Pumroy is the "violation of Code, section 2419, in conveying such liquor to one not a permit holder"; the liquor previously having been described as intoxicating. The charge is not specific, but the sufficiency of the information is not questioned. The particular offense was in carrying, as employees of a drayman, three cases of beer shipped by H. Brew Company from Rock Island, Ill., *via* the Chicago, Milwaukee & St. Paul Railway Company, to three persons at Ottumwa, Iowa; the defendants having procured the said cases from the railroad company at its depot by virtue of the order of the consignees. The defendants were acquitted in the police court and the property ordered returned. On appeal by the state, the district court affirmed the decision, holding in effect that under the so-called Wilson Act the liquors had not so arrived in Iowa as to render these subject to its laws. See, as bearing thereon, *Louisville Ry. Co. v. F. W. Cook Brewing Co.,* 223 U. S. 70 (32 Sup. Ct. 189, 56 L. Ed. 355) ; *State v. Wignall,* 150 Iowa, 650; *State v. Intoxicating Liquors,* 106 Me. 138 (76 Atl. 265, 29 L. R. A. [N. S.] 745, 20 Ann. Cas. 668) ; *Gulf, etc., C. F. Ry. Co. v. State,* 28 Okl. 754 (116 Pac. 176, 35 L. R. A. [N. S.] 456) ; *State v. 18 Casks of Beer,* 24 Okl. 786 (104 Pac. 1093, 25 L. R. A. [N. S.] 492) ; *State v. Kirmeyer,* 88 Kan. 589 (128 Pac. 1114).

The jurisdiction of the district court to entertain the appeal by the state was challenged and the question is again raised in this court. Unless the cause was appealable from the police to the district court, this court could 1. CRIMINAL LAW: jurisdiction. acquire no jurisdiction, and of course, if the district court was without authority to entertain the appeal, the power of review might not be conferred by consent or waiver, though the state has so argued, and the mere fact that the defendants did not appeal from the order overruling the motion to dismiss in the district court would not prevent them from raising the question here. It is elementary that jurisdiction may be challenged at any stage of the proceedings.

An appeal by the state from a judgment in favor of a defendant in a criminal case entered in the district court is authorized by section 5448 of the Code but merely for the exposition of the law with reference to the error complained of. Section 5463, Code. In trials before a justice of peace, the right of appeal is expressly conferred on the defendant both by the statute and the Constitution (section 11, art. 1, Constitution; section 5612, Code), and an appeal from the judgment of the district court by the state to the Supreme Court is expressly authorized by section 5620 of the Code. No appeal, however, is authorized from a judgment in favor of the defendant in the justice court or police court.

2. SAME: judgment for defendant: appeal: jurisdiction.

Nor do we think that jurisdiction is conferred on the district court. Section 6 of article 5 of the Constitution declares that. "The district court shall be a court of law and equity, which shall be distinct and separate jurisdictions, and have jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law." No statute has undertaken to confer jurisdiction of appeals by the state from judgments for the defendants in either the police or justice court. It is well settled in this state that, in the absence of a statute authorizing an appeal by the state, an appellate court cannot acquire jurisdiction to review the proceedings below. *State v. Johnson,* 2 Iowa, 549; *State v. Van Horton,* 26 Iowa, 402; *State v. Tait,* 22 Iowa, 140. And it is adjudicated elsewhere, by the overwhelming weight of authority, that the state may not sue out a writ of error or take an appeal from a judgment in favor of the defendant in a criminal case, whether rendered upon a verdict of acquittal or upon a question of law determined by the court, unless authorized by statute. *People v. Miner,* 144 Ill. 308 (33 N. E. 40, 19 L. R. A. 342) and note; *United States v. Sanges,* 144 U. S. 310 (12 Sup. Ct. 609, 36 L. Ed. 445); *People v. Raymond,* 18 Colo. 242 (32 Pac. 429, 19 L. R. A. 649); *City of Milwaukee v. Weiss,* 93 Wis. 653 (68 N. W. 390).

While the cases generally deal with the matter of appeal from courts of record, the principle applies in a case like this. An appeal by the prosecutor was not permitted at the common law, and there is no tenable ground for allowing it, in the absence of statute, where the judgment is of acquittal or discharges defendant in justice or police court.

The appeal is *Dismissed.*

WEAVER, C. J., and DEEMER, GAYNOR, PRESTON, and WITHROW, JJ., concur.    EVANS, J., absent.