CITY OF DES MOINES, appellant, v. TED'S AUTO PARTS, INC., appellee.

No. 52481.

(Reported in 153 N.W.2d 494)

OCTOBER 17, 1967.

Philip T. Riley, Anthony T. Renda, John F. McKinney, Jr., Gary H. Swanson and Robert D. McAllister, all of Des Moines, for appellant.

Joseph Z. Marks, of Des Moines, for appellee.

STUART, J.—The sole question before us here is whether a city can appeal a municipal court decision in a class "D" criminal case to the district court for determination of a point of law.

Defendant was charged with violating section 30-295 of the Des Moines Municipal Code relating to the parking of vehicles in the city streets. The defendant is engaged in the auto salvage business and left partially dismantled vehicles in an unopened but platted city street. The municipal court judge ruled the dismantled car was not a vehicle within the meaning of the ordinance.

The City appealed to the district court. The district court sustained defendant's motion to quash the appeal on the ground that the district court lacked jurisdiction because there was no statutory basis for the appeal by the City. The City has appealed from that ruling.

It is conceded by the City that a reversal on appeal would in no way affect the dismissal of the information in municipal court insofar as defendant is concerned. However, counsel for the City argues it has a right to appeal adverse rulings on points of law in class "D" actions for the future guidance of the court.

Class "D" actions include all criminal actions for the violation of city ordinances. Section 602.25, Code of Iowa. Appeals are taken to the district court in the same manner as appeals from justice courts. Section 602.44. The statute providing for appeals from the justice court in criminal actions has remained unchanged since at least 1873. It provides:

"The justice rendering a judgment against the defendant must inform him of his right to an appeal therefrom, and make

an entry on the docket of the giving of such information, and the defendant may thereupon take an appeal, by giving notice orally to the justice that he appeals, or by delivering to the justice, not later than twenty days thereafter, a written notice of his appeal, and in either case the justice must make an entry on his docket of the giving of such notice."

In spite of the City's efforts to discount State v. Ford (1913) 161 Iowa 323, 142 N.W. 984, we believe it to be directly in point. There defendant was acquitted in the police court which is governed by the same appeal statute. Jurisdiction of the district court to hear the appeal was challenged. We said on pages 325, 326 of 161 Iowa:

"In trials before a justice of peace, the right of appeal is expressly conferred on the defendant both by the statute and the Constitution (section 11, art. 1, Constitution; section 5612, Code), and an appeal from the judgment of the district court by the state to the Supreme Court is expressly authorized by section 5620 of the Code. No appeal, however, is authorized from a judgment in favor of the defendant in the justice court or police court.

"Nor do we think that jurisdiction is conferred on the district court. Section 6 of article 5 of the Constitution declares that 'The district court shall be a court of law and equity, which shall be distinct and separate jurisdictions, and have jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law.' No statute has undertaken to confer jurisdiction of appeals by the state from judgments for the defendants in either the police or justice court. It is well settled in this state that, in the absence of a statute authorizing an appeal by the state, an appellate court cannot acquire jurisdiction to review the proceedings below. State v. Johnson, 2 Iowa 549; State v. Van Horton, 26 Iowa 402; State v. Tait, 22 Iowa 140. And it is adjudicated elsewhere, by the overwhelming weight of authority, that the state may not sue out a writ of error or take an appeal from a judgment in favor of the defendant in a criminal case, whether rendered upon a verdict of acquittal or upon a question of law determined by the court, unless

authorized by statute. People v. Miner, 144 Ill. 308 (33 N.E. 40, 19 L.R.A. 342) and note; United States v. Sanges, 144 U.S. 310 (12 Sup. Ct. 609, 36 L. Ed. 445); People v. Raymond, 18 Colo. 242 (32 Pac. 429, 19 L.R.A. 649); City of Milwaukee v. Weiss, 93 Wis. 653 (68 N.W. 390).

"While the cases generally deal with the matter of appeal from courts of record, the principle applies in a case like this. An appeal by the prosecutor was not permitted at the common law, and there is no tenable ground for allowing it, in the absence of statute, where the judgment is of acquittal or discharges defendant in justice or police court."

See also State v. Olsen, 180 Iowa 97, 99, 162 N.W. 781.

As early as State v. Flinn, 51 Iowa 133, 134, 50 N.W. 495, we said the foregoing statute was the "only mode provided by statute for review in the District Court of a criminal case tried in an inferior court." We held defendant had no right to appeal on a writ of error but that his constitutional rights were protected by the appeal de novo.

We adopt the language of State v. Ford, supra, and believe the reason and logic stated therein apply to the present-day situation. We do not share the City's alarm over a holding that no right of appeal is available to it on law points. The best argument would appear to be the fact that they have not had the right of appeal for nearly one hundred years without dire consequences. If it appears to be so essential, the legislature could be urged to enact a statute giving the right to appeal.

▪ ■ We believe there are many sound reasons why the legislature would feel it unnecessary to give either party the right to appeal a decision of an inferior court on a point of law. As stated before, the appeal de novo fully protects defendant's constitutional rights. On such appeal the point of law in question might not arise. There is no provision for the making of a transcript of the evidence in a class "D" action. There is no incentive for a defendant who has been discharged to be concerned with the results on appeal and in many instances the adversary nature of appellate proceedings would be lacking.

We therefore hold, the City has no right of appeal to the

district court from an adverse ruling on a point of law in a class "D" action in a municipal court.—Affirmed.

All JUSTICES concur.