STATE of Iowa, Appellee,

v.

Harmon H. NOLTE, Appellant.

No. 59301.

Supreme Court of Iowa.

Jan. 19, 1977.

Sidney C. Levine, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Steven K. Sandblom, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, UHLENHOPP, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

Defendant attempted to appeal from magistrate's court to district court upon his conviction of operating a motor vehicle in excess of the maximum length limitations of § 321.457, The Code. His appeal challenged, on several grounds, the constitutionality of § 321.457. Because defendant has not sustained his burden of showing he perfected his appeal within the ten days required by § 762.43, The Code, we hold there was and is no jurisdiction to consider the challenge. We dismiss the appeal.

Harmon H. Nolte (Nolte) was charged with operating a combined tractor-trailer longer than 55 feet in violation of § 321.457. He entered a plea of not guilty. Trial was held before Ben E. Kubby, magistrate of the associate district court in Pleasant Hill, Iowa. Prior to trial Nolte filed a motion to dismiss on the grounds § 321.457 was unconstitutional. On September 30, 1975 the magistrate overruled the motion to dismiss and found Nolte guilty. The magistrate notified defense counsel of the decision by mail the same day. Defendant concedes notice of appeal was due October 10, 1975. No evidence of written or oral notice of appeal specifically appears in the record.

It was shown by affidavit defendant's employer mailed a letter to Magistrate Kubby with the necessary appeal bond. The affidavit states the letter with the appeal bond was mailed on October 9, 1975 in a United States post office and was addressed to: The Magistrate of Associate District Court, 4450 East Oakwood Drive, Pleasant Hill, Iowa 50317.

In resisting the State's motion to dismiss this appeal defense counsel argues:

"Counsel reasonably assumes that since said letter was mailed at the main post office on said October 9, 1975, that it was received in the Magistrate's office in the City Hall Building at Pleasant Hill, Iowa, the next day, to-wit: October 10, 1975, which would be in substantial compliance with Section 762.43, which requires a notice of appeal within ten days after a judgment of conviction, and would be within the ten day period, taking into consideration the computation of time as set out in Sub-paragraph 22 of Code Section 4.1."

It appears from another affidavit the magistrate held court in Pleasant Hill only on Tuesdays. According to this affidavit the magistrate was not in Pleasant Hill from October 8, 1975 through October 13, 1975. On Tuesday October 14, 1975 the magistrate noted by docket entry the posting of the $50 appeal bond.

■ I. The controlling legal principles are well settled; the parties dispute only the facts. Substantial compliance with § 762.43 is essential to the jurisdiction of the district court. *State v. Dunham*, 232 N.W.2d 475, 476 (Iowa 1975); *State, City of Dubuque v. McCloskey*, 166 N.W.2d 923, 926 (Iowa 1969). See generally 4A C.J.S. Appeal & Error § 428, pp. 69–73; 4 Am.Jur.2d, Appeal & Error, § 292, pp. 782–783. If the district court was without jurisdiction to entertain the appeal then we are likewise lacking jurisdiction. *State v. Ford*, 161 Iowa 323, 142 N.W. 984 (1913). See also 4 C.J.S. Appeal & Error § 41, p. 158; 4 Am. Jur.2d, Appeal & Error, § 9, pp. 539–540. Jurisdiction of the subject matter cannot be conferred upon us by consent of the parties if it is lacking as a matter of law. *State v.*

*Wiese*, 201 N.W.2d 734, 736 (Iowa 1972). 4 Am.Jur.2d, Appeal & Error, § 10, p. 540; 4 C.J.S. Appeal & Error § 43, pp. 163–165. A one day delay beyond the statutory time prescribed for serving notice of appeal is as fatal to jurisdiction as a longer delay. *Zick v. Haugh*, 165 N.W.2d 836, 837 (Iowa 1969).

■ Under the record it is possible notice was received within the ten day period and just as possible it was not. We cannot assume nor take judicial notice of one day mail service. We believe the burden of showing timely perfection of appeal rests upon the defendant. He bears the risk of nonpersuasion because he stands to lose if the timely giving of notice is not shown. See generally IX Wigmore on Evidence, Third Ed., § 2485, pp. 270–274. Defendant has not met this burden.

Under the foregoing principles we are without jurisdiction to entertain defendant's appeal.

Appeal dismissed.